**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4859**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE MANUEL VAZQUEZ-MORENO, a/k/a Marco
Antonio Campuzano-Montes, a/k/a Flaco, a/k/a
Guillermo Antonio Hernandez, a/k/a Manny,
a/k/a Meme,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville. Richard L. Voorhees,
District Judge. (CR-03-4)

───────────

Submitted: June 15, 2005          Decided: July 27, 2005

───────────

Before TRAXLER, KING, and DUNCAN, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

M. Timothy Porterfield, Charlotte, North Carolina, for Appellant.
Jennifer Marie Hoefling, OFFICE OF THE UNITED STATES ATTORNEY,
Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Jose Manuel Vazquez-Moreno appeals from his conviction and 120-month sentence entered after his guilty plea to conspiracy to possess with intent to distribute cocaine and cocaine base. On appeal, Vazquez-Moreno's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), finding no meritorious issues for appeal, but questioning whether there was ineffective assistance of counsel. Vazquez-Moreno was informed of his right to file a supplemental pro se brief, but he has not done so.

An allegation of ineffective assistance should not proceed on direct appeal unless it appears conclusively from the record that counsel's performance was ineffective. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Here, the record reveals quite competent representation, as Vazquez-Moreno received the statutory mandatory minimum sentence, when prior to his plea, he was a facing a possible sentence over twice as long. While the record is inadequate to show ineffective assistance, if Vazquez-Moreno possesses other evidence on this issue, he is free to assert this claim in a 28 U.S.C. § 2255 (2000) motion.

In accordance with Anders, we have reviewed the entire record in this case, including Vazquez-Moreno's waiver of appeal rights in his plea agreement and at his Fed. R. Crim. P. 11 hearing, and we have found no meritorious issues for appeal. We

therefore affirm Vazquez-Moreno's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED